### IN RE DISBARMENT OF EARLE B. DOWS.[1]

June 11, 1926.

No. 25,549.

**Attorney at law suspended from practice.**
   The use of a notice to debtors by a collection attorney, simulating legal process, is a ground for discipline.

Attorney and Client, 6 C. J. p. 599 n. 42.

Proceedings on the petition of the State Board of Law Examiners for the removal of Earle B. Dows, a member of the bar, for misconduct. Judgment of suspension ordered.
   *Earle B. Dows*, pro se.
   *H. G. Cant*, for respondent.

   [1]Reported in 209 N. W. 627.

PER CURIAM.

Proceedings by the State Board of Law Examiners for the removal of Earle B. Dows, a member of the bar, for misconduct. Testimony was taken by a referee and a hearing thereon had before this court.

The respondent was admitted to the bar of this state on January 14, 1926, without examination, upon credentials from a sister state showing him possessed of proper qualifications and of good standing. He commenced practice in Minneapolis as attorney for the Minneapolis Credit Service Exchange, Inc. It was his practice to send to a delinquent debtor, over his actual or authorized signature, a notice, at the top of which was printed in large black type: "Advance and final notice before suit for garnishment, levy and sale." The creditor was named plaintiff and the debtor defendant. At the left of his signature was a red seal with his name impressed thereon. The debtor was told the amount of the debt, that payment had been demanded and refused, and that unless he remitted suit would be instituted for the amount with interest, costs and disbursements. The paper was about 13 inches in length and 8 inches in width, and when folded bore as an indorsement the title of a case as in court. The purpose is evident. It was to simulate legal process. Its purpose was not merely to call the debtor's attention to a debt due or merely to threaten him, but to give force to the paper by its form and formality, by giving the impression that it was a legal document of importance and something in the way of a proceeding in court. It is evident upon inspection. We will not state its contents further. The reporter will reproduce the notice appended to the proceeding, as nearly as conveniently may be, in reduced but proportionate size, using fictitious names for the plaintiff and defendant.

Petitioner's Exhibit "E".

# Advance and Final Notice

Before Suit For

## Garnishment, Levy and Sale

.................... DOE LOAN CO., ....................

.................... Plaintiff,

vs.

RICHARD DOE

.................... Defendant.

STATE OF MINNESOTA,
City of Minneapolis.

Assumpsit Docket No. ..1246........

### TO THE ABOVE NAMED DEFENDANT:

You will take Notice:—

1 That the above named plaintiffs claim that you are indebted to them in the sum of $ 3.25....Three and 25/100 dollars..............................................................

2. That payment of same has been duly demanded and same refused.

3. That, therefore, unless you remit to the office of Earle B. Dows, Attorney at Law, Second Floor, Walton Building, 314 Nicollet Ave., Minneapolis, Minn., by check, or otherwise make provisions for settlement on or before the....23rd.......day of ..January............ .1926...., suit will be instituted forthwith for full amount, together with interest, all costs, and disbursements in this behalf expended

.................... Attorney for Plaintiff,
Second Floor, Walton Bldg.
314 Nicollet Ave.,   Minneapolis, Minn.

# STATE OF MINNESOTA
## City of Minneapolis

Docket No. .....1246.......

DOE LOAN CO.

*Plaintiff,*

*vs.*

RICHARD DOE

*Defendant.*

The respondent commenced using the notice immediately upon opening his office in Minneapolis. When interviewed by the Board of Law Examiners he debated his right to make use of the form. Afterwards he ceased its use.

Nothing resembling the practice will be tolerated. The use of a notice simulating legal process in the collection of debts is wrongful; it cannot be right. The admitted purpose of its uses shows its impropriety. We note In re Swihart, 42 S. D. 628, 177 N. W. 364, where a form in character and use much more objectionable was disapproved and the attorney disciplined.

It should be said that the respondent has shown a willingness, though belated, to conform to proper practice. Of necessity he must if he practices at all. We do not overlook his claim that he copied a form which he had used in the state from which he came and did not know that it simulated Minnesota process. His explanation does not appeal to us and does not excuse him. Still, he should not be debarred forever from pursuing his calling. He can conduct his practice as a lawyer should. The law's disapproval is sufficiently emphasized, and he is sufficiently disciplined, if he is suspended from practice for a period of six months from this date. Judgment to that effect will be entered.

Judgment of suspension ordered.