THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GLOBE JEWELERS, INC., and HENRY SCHWARTZ, Appellants.

First Department, November 27, 1936.

*Henry Mayer*, for the appellants.

*Abraham J. Gellinoff*, Deputy Assistant District Attorney, of counsel [*William Copeland Dodge*, District Attorney], for the respondent.

MARTIN, P. J. The complaining witness, Filomino M. Manonug, an employee of the Pullman Company, purchased from the appellant Globe Jewelers, Inc., of which corporation the appellant Henry Schwartz is treasurer, a diamong ring at the agreed price of

seventy-five dollars. The ring was to be paid for at the rate of one dollar semi-monthly. As security for the payment of the seventy-five dollars, Manonug gave an assignment of ten per cent of his wages. The semi-monthly payments not having been made, the appellants mailed the purchaser a paper which the People contend violated the provisions of section 551 of the Penal Law, which provides, in part, as follows: " any person who shall send, deliver, mail, or in any manner cause to be sent, delivered or mailed any paper or document simulating or intended to simulate a summons, complaint, writ or court process of any kind, is guilty of a misdemeanor."

The paper sent out by the appellants, in size, arrangement of details, employment of large type and general appearance, is similar to that of a summons. The printed matter is in the nature of a mandatory precept directing the doing of an act, to wit, the payment of the money. In this respect the paper simulates a writ. The employment and placement of the words " State of New York " and " County of New York," and the affixing of a large, red seal, enhanced the effect of the paper and made it appear as though it was issued by a court.

It is important to note that the record contains a stipulation that the name " J. Ward " was signed to the paper by the defendant Henry Schwartz and that name was commonly used by him on similar notices. It may have been his intention to create in the mind of the person receiving the notice the impression that " J. Ward " was " Judge Ward." The record fails to disclose any reason for using such a name.

In *Matter of Dows* (168 Minn. 6; 209 N. W. 627), where an attorney was suspended for six months for making use of notices to debtors similar to legal process, the court said: " The purpose is evident. It was to simulate legal process. Its purpose was not merely to call the debtor's attention to a debt due, or merely to threaten him, but to give force to the paper by its form and formality, by giving the impression that it was a legal document of importance and something in the way of a proceeding in court."

The testimony indicates that the appellants considered the form used much more effective than letters. Why did they consider it more effective? Obviously, the intention was that the recipient would believe that it was a court process, and it is our opinion that the average layman would so regard it. There can be no doubt about the intent and purpose of the defendants in preparing and sending a paper similar in appearance to a court writ.

There appears to be a growing practice to use the word " court " to lead people to believe that they are dealing with a duly authorized

court and a similar attempt to collect money by the use of papers designedly prepared to resemble court papers. This conviction may have a salutary effect upon those who use such deceptive means to make or collect money.

The judgment of conviction should be affirmed.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Judgment unanimously affirmed.